The third case of the morning called 21335, people in the state of Illinois v. Joseph Arrieta. On behalf of the people of that block, Ms. Lisa Ann Hoffman. On behalf of the athlete, Ms. Kathleen J. Miller. Ms. Hoffman, usually you're sitting in the back seat. Nice to see you this morning. Thank you. May it please the court, counsel. My name is Lisa Hoffman. I'm an assistant state attorney at DuPage County. Here this morning on behalf of the people of the state of Illinois. In January 1996, the defendant was convicted of the murders of Anthony Moore and Edward Viola. Homicides which happened in March of 95, when the defendant was 17 years old. In March of 96, he was sentenced to mandatory natural life imprisonment pursuant to the statute. Which held at that time, as it does today, that for a person who has attained the age of 17 and is convicted of the murder of more than one person, a natural life sentence is mandatory. The appeal today stems from a petition proposed for relief from judgment pursuant to Section 2-1401 of the Code of Civil Procedure that the defendant filed in August of 2012. And in that petition, he was challenging his mandatory natural life sentence based on the United States Supreme Court's holding in Wilmer v. Alabama. In the trial court, the people filed a motion to dismiss the petition saying that the 2-1401 petition was untimely and that the defendant could not escape the Thailanders' problem by arguing that his sentence was void because this wasn't a void sentence. Why not? Pardon me? Why is it not a void sentence? It's not a void sentence. It's a voidable sentence. So, a void sentence is... A sentence is void when there was no jurisdiction by the court to enter the sentence. And as this court is familiar with that law, the court can lack personal jurisdiction, subject matter jurisdiction, or what would be relevant in this case would be the power to render the particular judgment. That wasn't the case in this instance. Obviously, at the time that the sentence was imposed, the court did, in fact, have the authority to render that particular sentence. So, are you arguing that Miller was not retroactive? Well, my argument, yes, Miller, that would be part of the argument. But actually, I think that notwithstanding retroactivity, this isn't a void sentence. It's always going to be a sentence that is voidable. In other words, the defendant isn't without an avenue to challenge his sentence. If Miller is ultimately found... How is this person going to challenge a sentence at this point in time? A successive post-conviction petition. At this late in the game? Yep. Well, that's what Gray said, but Gray was a different posture. Now, I think even in this instance, let me... First, let me say that I don't take lightly the fact that this appears to be somewhat nitpicky. Is he bringing in a 214-01 petition? Is he bringing in a post-conviction petition? Perhaps this instance isn't the... It's not the easiest place to make the argument that these kinds of technicalities matter. But in this... And I also want to say that in Mr. Arrieta's case, Mr. Arrieta has been actually making the Miller argument for... He's been a very litigious and diligent litigant, as it pains me to say that, perhaps. But the truth is, he's been making the argument in some form or another for many years. I do not foresee that Mr... That should this statute ultimately be held to be retroactive, and as the Court knows, that issue is now pending before the Illinois Supreme Court, and we're at argument on the 15th of January, and I think everybody agrees that the United States Supreme Court will at some point address it, but if that's the situation, Mr. Arrieta is going to have an avenue. And I think the successive post-conviction petition is still going to be his avenue. Cause and prejudice is not going to be... There's not without... You can't... You can certainly see a path where he would be able to make that showing, and then ultimately have his claim heard on its merits. I do think, though, that the distinction between what you raise in the 214-01 petition, ultimately what Mr. Arrieta is saying here is that his sentence is unconstitutional. Constitutional claims belong in post-conviction petitions. And legitimate constitutional claims, even well after the fact, there's an avenue that's provided by the fact that you can file a successive post-conviction petition under the Post-Conviction Hearing Act. 214-01, on the other hand, is limited to situations in which you're looking at a fact which, if known at the time, would have prevented the entry of judgment. And there's a two-year time limit on that, and that's for a reason. And the way you get around that is... There are other ways, but voidness under Subsection F is a way to get around that. But in this instance, our position is this is not a void sentence. It's a void of both sentences. Would you recommend that we hold the ruling on this case until after our Supreme Court rules? I think it would seem prudent only because, obviously, if the court rules that it's not retroactive, then the merits of his petition are somewhat different in any event, no matter what he files. And I suppose that a successive post-conviction petition might be cleaner if the issue is resolved by the higher court. Well, as you stand here today, you are certainly aware that this court, and two of these members of this court in particular, and several other panels of different courts have held that this is retroactive on two different bases. This court determined that it was substantive. The First District, I think, in Williams determined it was procedural. And we never commented on that because we didn't feel the need to do that. So, obviously, you're here to tell us we were wrong. So how are we wrong? Your Honor, I must say, I don't know that... I think that the arguments that I will posture with respect to the fact that it doesn't meet the T exceptions and, therefore, it doesn't apply to retroactivity, candidly, I know that those are the same arguments that this court has rejected. And I think my answer to that is only that, again, now the higher court has taken the case and heard the case, and perhaps they will decide something different, or perhaps not. So I'm happy to talk a little bit about those things, but I do think that it's going to be what you've heard before. And I can't say that I have any novel position that has not been argued before the courts on that issue. It's simply a matter of, you know... Regardless of what the result is, you still believe it's voidable. I do. I believe that it's voidable and not void. I will talk a little bit about what I think, if I can... And, again, Justice Hutchinson, I didn't mean to ignore your... But I can discuss that if you wish me to do so. Do you want to comment on People v. Gray in the First District? Well, I think that in People v. Gray and, again, in People v. Chambers, both of those courts acknowledged the fact that the 214-01 petition wasn't the place to make the argument, and in those cases stated that in this instance, this sentence not only was a sentence authorized at that time, but theoretically the sentence is authorized even in the future, although the mandatory nature of it clearly isn't. But the statute isn't void. It's not going to go away. It's not even going to be inapplicable to the majority of people. And it may not be inapplicable to Mr. Arrieta, save for the mandatory nature of it. So on its face? On its face, it's not going to be. It's an as-applied challenge, and as-applied, it's not void. I mean, it's improper, perhaps, as-applied if this case is retroactive, therefore voidable, and he certainly will have a valid argument to make it, even here before this court has a valid argument to make that his statute was improper. The question is what vehicle does he bring that in? Based upon Miller, and this is Miller v. Alabama, as opposed to other Millers that are cited throughout, does a court have the power to render a mandatory life sentence, natural life, no parole, to a juvenile, or a person who was a juvenile at the time of the offense? Because isn't that basically the basis in a lot of the ñ in Luciano in particular, although I don't think it's expressed particularly, but wouldn't that be the issue here? Miller said that it shall not be a mandatory. It could be, but it cannot be a mandatory no-discretion application of that rule. Yes, and therefore this was an improper sentence, but not a void sentence. It's an improper sentence, and because again, at the time, first of all, at the time, it was an authorized sentence, and we're not going back, and it's not as though we're saying void ab initio, we're not going back and taking that statute off the books. We're simply saying there's a portion of that statute that if you apply it, it's going to violate the constitutional rights of a person who is sentenced under it. Therefore, you should not impose that, you cannot impose that, but it doesn't void the sentencing statute. And I know that the distinctions seem, maybe they even seem petty, and in this instance where I basically, I'm conceding, that Mr. Arrieta will have a vehicle, that's not always going to be the case. And so if we make the exception in this case and say, all right, well, it's likely that he's going to get his case heard on the merits, so we should just let him, which frankly, the trial court was, that was the trial court's position, which was, do we have to talk about technicalities? I think that this is going to apply to him, and he should have the chance to have his sentence heard. I'm absolutely sympathetic to that. However, if we allow that in a case like this where perhaps there seems to be a logical path for him to have his challenge heard, then the next case and the next one and the next one, the lines between what's appropriate in a 214.01 petition and what's appropriate in a post-conviction petition blur, and if they blur for this person, they blur for the next person and the next person, and pretty soon the distinction is no longer there, and then we don't have any, then why have the two different statutes? And as this court knows very well, this post-judgment arena is growing every day. I mean, that's such a large portion of what happens in the courts is post-judgment litigation that I think it's very important that we maintain the distinct lines between the kinds of avenues that people take to get to seek relief, and that's essentially what we're arguing here. If something is unconstitutional, is it void or voidable? I think it depends on why it's unconstitutional. So here in Illinois, we have a line of cases, a long line in Illinois, of single-subject type cases, which they say this statute is unconstitutional and violates the single-subject rule. Those statutes are void of initio. It's as though because they were improperly passed, they don't exist. So in those situations, those are void statutes, and there's a line of cases from a lot of cases in the 90s where that was a big issue and people were convicted and sentenced under statutes that violated single-subject. Those were void of initio. But for situations like this situation where there is a characteristic of a statute or a portion that says if this, then not that, but otherwise all good, that's not a void statute. My position is that's not a void statute. That's a void, and your sentence isn't void. It's a voidable judgment because it was improper. Someone can still, a juvenile can still be sentenced to life. Yes. But just not mandatory. Right. Assuming the retroactivity of Miller, you could still sentence under the current scheme, a juvenile could still be sentenced to mandatory natural life. For instance, brutal and heinous, finding a brutal and heinous. This is entirely hypothetical, but let me just ask it anyway. If the trial judge had said, in spite of the mandatory nature of this, I'm going to make findings as to brutal and heinous or some other type findings like that, what would your position be then? In that situation, I think perhaps we'd have a sentence which was not even voidable. Although, I guess you wouldn't have a need for resentencing, perhaps, because you'd have that finding on the record. I did actually, we do talk about these cases before we come and argue, so we actually had talked about that very thing yesterday, and if only I could remember precisely what my response was. But I think the response is that, yes, if at the time of sentencing, you've made a number of different findings that would be alternate ways to get natural life imprisonment. But that wouldn't necessarily impact my argument here on this issue. It would impact when we get to the point where you're talking about whether or not, on the merits of this, does he need to have a new sentencing hearing. It wouldn't impact 214-1 versus a closed conviction? No, I just don't think it would. In People v. Brown, and again, this is a common name, so this is one of those tough ones, but it's a 2007 Supreme Court case. The court says a sentence which exceeds statutory maximums or violates the Constitution is void from its inception and subject to challenge at any time. Why should that statement not be applied to this, assuming that it is retroactive? There's a big hurdle there, but assuming. So what does that statement mean then? I'm not sure I can answer what it meant. I think that we have another long-standing tradition in Illinois is that Cortana was careful or cognizant of the void versus avoidable, so perhaps it was nothing more than a mistake of tongue. Yes, we do that with some frequency, and the Supreme Court usually tells us, and the Supreme Court even admits they do it themselves. But I don't think this particular case was one of those where it was being, I'll use the word sloppy. And I also think there's a difference between the concept, and I'm not sure of the use of voidness, but I do think that, for instance, in Luciano, there's a cite to Strawbridge, and Strawbridge talks about, and really it's about whether or not you can review something that's, the argument was forfeiture there. And I think there's a difference there as well, because what Strawbridge ultimately says is, you know, we've got the ability to look at substantial errors under, you know, And I think that that's perhaps, can you attack it at any time? I'm not disagreeing that you could overcome timeliness, or perhaps you could raise things for the first time in an appellate court that you didn't raise in the trial court, but I don't know that that statement in Brown gets you around the fact that you chose to bring a 214.01 petition that was untimely, and you can't get around that, rather than bringing the post-conviction petition where that was more appropriate for your claim. Any questions? No, no, questions? Thank you. Thank you. Welcome back. Thank you. I'm here this time for the defendant appellate, Joseph Varietta. And I'd like to begin with the question about voidness. Before I even talk about that, I think it needs to be recognized that even if this sentence, for some reason, is not void, that would not be a reason to reverse the circuit court's ruling in this case. And that's because the two-year time limit in Section 2-1401 is not a limitation on the jurisdiction of the circuit court. This court recognized that. We addressed this at the end of our first brief in this case. In People v. Glowacki, which relies upon the Belleville-Toyota case, it is not a limitation on the jurisdiction. So the court had jurisdiction to make a ruling. Now, had the court dismissed the petition as untimely, and should this court find that the sentence is not void, then I would have a problem. But here, the court did not do so. Even though the state asked it to, it did not do so. The court chose to rule anyway, exercised its authority, its discretion to hear the petition, and granted relief despite the filing date of the petition. So the voidness thing is a bit of a red herring. But even if it was not a red herring, it is the case that the sentence that was imposed here was void if Miller is retroactive. And that is because under Miller, a court has no authority to impose a mandatory natural life sentence on a person who was under 18 when they committed their offense. But they can impose a natural life sentence in certain circumstances. They can impose one if and only if they do so at a sentencing hearing at which the mitigating factors, including those that are youth-related, are first considered. Therefore, the whole statute is not unconstitutional. Correct. The statute is unconstitutional as applied. The mandatory natural life sentence statute is unconstitutional as applied to an entire category of people, that is, people who committed their crimes when they were under 18. Miller says that a particular type of sentence, a mandatory natural life sentence, can never be imposed on a person who committed their offense when they were under 18. Those are categorical rulings, a categorical bar of a type of sentence for a type of defendant. And that is why there's a substantive change in the law, and that is why it is retroactive. And, again, that's going to be decided by the Aldolfo Davis case in the Illinois Supreme Court. But if the court does find that Miller is retroactive, then there can be no question but that the defendant's sentence is void and that he was entitled to the relief that he was given by the circuit court. Are you relying on Rodriguez for that proposition? Yes, yes. Actually, Rodriguez, in Rodriguez, this court addressed the question of retroactivity first. And then moved on to, you know, whether or not it was void. And it is void if it is retroactive. There is just no other way to look at it. That's what retroactive means. It means it applies to cases which were decided prior to the issuance of the opinion. What do you think, I mean, it's really not relevant now, but what about the First District in Williams saying it was procedural? This was a watershed issue of criminal procedure. You know, I know your Honors have not yet ruled on my motion to cite the Nebraska case, Nebraska v. Manage. But I think the Nebraska Supreme Court did a very good job of explaining that. It is true that this does have a procedural aspect. And that court acknowledged that the Miller decision doesn't fall neatly into one or the other of our working definitions of substantial change or a procedural rule. However, if it is procedural, to the extent that it is procedural, the impact of it, the effect that it has, is substantive. And it's substantive because it completely changes the way the law applies to juveniles. Prior to Miller, the court could not, it was barred from considering mitigation at the sentencing hearing at which the defendant received natural life. It wasn't barred from it, it just couldn't do anything with it. Yeah, I mean, the court could feel bad about it, I suppose. But that would be all. It could not consider the fact that this was the case. And it also could not consider any sentence less than natural life. So this Miller has changed the range. It has greatly broadened the range of sentence that is available for Mr. Arrieta. So it is not, we shouldn't look just at, well, he conceivably could again get natural life. The question is that he doesn't have to get natural life and that he, as in Miller court itself recognized, it would be a rare case in which a juvenile would qualify for natural life. Why would it not be, in that circumstance then, why would it not be voidable as opposed to void? Because the voidable stuff is focusing on the wrong thing. It's focusing on whether or not the child could again conceivably get natural life. That's a different sort of a question. Natural life sentence is a different type of sentence than a mandatory natural life sentence. So that's the critical difference between the two. And why it's not, we're not really talking about the statute being void. We're talking about the judgment, the sentence that he received being void. Based upon the fact that Miller said it cannot be mandatory. Yes. How about a de facto? I was in this court last month making an argument. That's why I like that. Struggling with that issue. Yeah, that's an interesting one. I don't think our Supreme Court is going to get to that. I hope they don't get to it in my case. Well, if your honors have no other questions, I believe that's all that I would have at this point. We do ask that you affirm the circuit court's ruling on this and afford him relief. And we also note the interest of judicial economy, if nothing else. It would make sense, if nothing else, to regard it as though it was a post-conviction petition, if that's really what it needs to be. And let Mr. Arria have his sentencing hearing. Thank you. Thank you. All right. Ms. Hartman? Just two quick things, and then if the court has any other questions. Justice Spence, I do want to return to your hypothetical and make clear that I think what I said was maybe he wouldn't need a new sentencing hearing. The hearing itself might not have to happen, but it is true that the brutal and heinous finding would allow just the discretion, so we'd still have to have the court articulate that they would have imposed natural life based upon that finding. It's not a mandatory, so I just wanted to clarify that. Counsel made a statement that retroactivity means you reach back and therefore avoid this. I don't think those two things are, if that's what she meant to say, I don't think she was correct. Just because the sentence was incorrect or unconstitutional, even, at this point, if we learn that that's the case, that doesn't mean that the reach back renders what happened there void. It may render, it inarguably will render what happened then improper, but that's voidable and not void. Unconstitutional doesn't equal void. Correct. It does not always equal void. As we discussed earlier, obviously in certain circumstances, when things are void ab initio, that would render, unconstitutional would equal void, but not in all circumstances. And that's where I go back, or at least I'm trying to go back. If Miller says a mandatory life sentence is unconstitutional and shall not be imposed as mandatory, how can that just be voidable? It was wrong. It wasn't improper. It was wrong. But it wasn't, it's not as though that thing couldn't have existed from its beginning, because it could have existed from its beginning. It's not like a single subject violation where... We're not talking about the statute, and I think Ms. Hamill makes that point quite clearly. We're talking about this particular judgment. Sentence. Sentence. So this particular sentence has no basis in the Constitution, so how could it exist? And if it can't exist, isn't it void? No. It's wrong, therefore it's voidable. Well, before you said it was improper, and now you say it. I think wrong is closer to it does not exist as opposed to improper. Let me clarify that. To me, I'm using wrong and improper as synonyms. It is not a proper sentence. And, again, I'm assuming, let's assume for the sake of argument, a finding, a clear finding by the Supreme Court of retroactivity. We're not, at that point, we're not saying this didn't exist or couldn't have existed. It did exist. It was wrong. I think, Miller, the entire history of this body of law is really talking about the evolution of how we look at this kind of sentencing and why did we get to the point of Miller, and that's really all talking about whether or not the decisions that we as a society made over the years to get to the point where we had mandatory natural life for children or juveniles or any other of those things that were in that body of law as it evolved. So you would make a distinction as to whether or not the sentence was authorized at that time. Yes. So an example of that would be a nonprobationable offense where a judge gives a defendant probation. Yes. Or, in this instance, if the judge had given him 70 years instead of mandatory natural life. Oh, yes, right. In that instance, that would have been unauthorized, therefore void, right? Yes. So that is the basis for you saying it's void as opposed to voidable. Yes. Nicely put. Nicely put, Justice Spence. That's not what the Supreme Court did in Miller. No. The Supreme Court in Miller said mandatory is not constitutional. Yes. And that's different than, at least in my mind, what Justice Spence just said. Well, and what he said is more defensible. That's true. But, I mean, it's... But, again, I guess what I'm trying to say is, you're right, what the Court said is mandatory natural life sentences for people under the age of 18 are not right. We're not going to... We can't have that. That's not what we stand for. And we can't allow that to happen, to continue. And, perhaps, retroactively, we can't allow that to have happened because we should have never gotten to that point. But it's not... It isn't saying this didn't exist. It does... It will give him an avenue to argue that he... That that sentence wasn't proper. But it does not negate the existence of the statute. It doesn't equal unconstitutionality. Right. Unconstitutionality does not necessarily equal voidness, yes. If there are no further questions, we would ask that you reverse the decision of the trial court. Thank you. All right. Thank you for your arguments. We will take these under advisement. We will issue a decision, possibly waiting for the Supreme Court. Do we have any idea? Can we... Are we guessing? If the oral argument was January 15th, but after the annular experience, who knows? Good point. Is there anything on the United States Supreme Court docket right now? Not that I know of. As far as I know, there's still time, maybe, to see what the state has chosen. Okay. All right. So we will also consider that. And thank you. We will now stand adjourned for today. Thank you. Thank you.